IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GERRY M. LANGFORD ) | |
| SHARON R. HUTTON ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 10-CV-0564-W-HFS |
| L.J. KISSICK, III ) | |
| KISSICK CONSTRUCTION COMPANY ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

Before the court is a motion to dismiss the complaint, filed by defendant Kissick Construction, Inc., on behalf of defendant L.J. Kissick III.[1] Pro se plaintiff Gerry M. Langford commenced this action alleging breach of contract in violation of 42 U.S.C. § 1981 and fraud beyond the contract against both defendants[2]; as well as a claim of race discrimination in violation of Title VII against Kissick Construction.[3] Langford's wife, Sharon R. Hutton, also alleges a claim against both defendants pursuant to § 1981 for breach of contract.

Factual Background

---

[1] Defendants state that although individually named defendant L.J. Kissick, III has not been served, the various procedural and substantive issues impact both defendants, thus, the motion is pled on behalf of both defendants.

[2] Although Langford asserts this cause of action, such a claim has not been considered under Missouri law, and, Langford's reliance on City of Richmond, Va. v. Madison Management Group, Inc., 918 F.2d 438 (4th Cir. 1990), is misplaced. For, among other things, the court considered the issue of damages and whether it should be reviewed as an action for fraud as under tort law, or breach of contract as under contract law.

[3] However, Langford subsequently conceded that "there is no Title VII claim per se, now before this court." (Response to Motion to Dismiss: pg. 10). Langford expressly states that only Count I alleging breach of contract in violation of § 1981 and Count II alleging fraud beyond the contract are pending. (Id). Thus, Count III alleging race discrimination in violation of Title VII will be dismissed.

Langford states that he was employed with Kissick Construction for approximately 12 years, initially as a Journeymen Carpenter, and subsequently as a Foreman. (Complaint: pg. 2). On August 15, 2005, Langford filed a complaint against Kissick Construction with the Kansas City, Missouri Human Relations Department alleging race discrimination and retaliation. (Memorandum to Complaint: Exh. A). In support of his claims, Langford stated that he was not offered opportunity for advancement, was cursed at by co-workers, and a hangman's noose was thrown at him. (Id). Langford also admitted that he failed a drug test taken on January 24, 2005. (Id). In response to these allegations, Kissick Construction stated that pursuant to a contracted job with Aquila. Inc. all employees working on the project were required to undergo a drug test; after testing positive for marijuana use, Langford was removed from the job site and placed on administrative leave. (Id: Exh. H). Although Langford could have been terminated, Kissick Construction allowed him to return to work on various assignments other than the Aquila Project. (Id). Kissick Construction has a policy in place that prohibits unlawful harassment, and states that it did not receive any complaints from Langford regarding an allegation that he was cursed at by another employee. (Id). After conducting an investigation of Langford's charges, the Human Relations Dept. issued a determination of "no probable cause." (Complaint: pg. 4).

Approximately one year later, on September 7, 2006, Langford filed a complaint alleging retaliation based on an employee teasing him with a rubber snake with full knowledge of Langford's fear of snakes. (Memorandum to Complaint: Exh. B). Langford states that defendant Kissick then offered him a promotion to the next available Foreman position, and promised him he would have a job with Kissick Construction until he retired, in exchange for his promise to dismiss the retaliation complaint. (Complaint: pg. 1). On October 27, 2006, Langford withdrew the complaint. (Memorandum to Complaint: Exh. C). In February of 2009, Kissick Construction laid off Langford,

and approximately 70 to 80% of its 225 employees due to the slowing economy. (Complaint: pg. 2). Langford contends that based on the alleged promise, he should have been retained, and that since the reduction in workforce other employees have been recalled and/or hired for the positions of Foreman and Journeymen Carpenter. (Id).Additionally, Langford complains that his phone inquiries regarding rehire status have not been returned. (Id).

Langford seeks loss wages for fifteen months of unemployment; lost pension fund contributions; out of pocket health care expenses; pain and suffering; damages based on liquidation of the contract; and all reasonable costs associated with bankruptcy. (Id: pg. 6). Hutton corroborates Langford's allegations and seeks redress for the loss of property they purchased and the lost income from the property, health care costs due to the loss of the employee health care coverage, and reasonable attorney fees for the non-attorney who assisted in the preparation of plaintiffs' case. (Id. Pg. 7).

## Discussion

### Pleading Requirement

Defendants initially contend that the complaint should be dismissed in its entirety because it fails to conform with Fed.R.Civ.P. 8(a) and 10(b). Specifically, defendants complain that the claims are not set forth in numbered paragraphs or any organized fashion.

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Cross v. Progressive Community Services, 2009 WL 1409291 * 1 (W.D.Mo. 2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id; citing, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, "[a] document filed pro se is to be liberally construed and a pro se complaint, however,

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. In ruling on a motion to dismiss, the court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff [ ]." Cross, 2009 WL 1409291, at *1; citing, Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

Here, while lacking in the official format generally submitted by an attorney, the complaint sufficiently alleges claims arising from a purported promise of promotion and retention of employment, thereby apprising defendants of plaintiffs' assertion of an alleged contract and breach thereof. Lyles v. Columbia Public School District, 2007 WL 1485873 *2 (W.D.Mo.) (Plaintiff's allegations set forth in the "Background Facts" section of his complaint that his employment was illegally terminated and he was not rehired based on race sufficiently stated claims for discriminatory discharge and failure to rehire under § 1981).[4] As to defendants' argument that the memorandum attached to the complaint be stricken, it is noted that generally, the court's review of allegations is limited to the complaint. However, items outside the complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure include (1) exhibits attached to the complaint, and (2) materials necessarily embraced by the complaint. Cross, 2009 WL 1409291, at * 1. Thus, for purposes of factual matters as they pertain to plaintiffs' allegations, some consideration will be given.

Claims Pursuant to 42 U.S.C. § 1981

Langford complains that defendants laid him off in February of 2009, and acknowledges that the reduction affected 70 to 80% of the workforce. (Complaint: pg. 2, ¶ 1). However, Langford

---

[4]See also, Filbern v. Habitat for Humanity, Inc., 57 F.Supp.2d 833, 835 (W.D.Mo. 1999), where the court held that plaintiff's allegations of claims arising from the terms and conditions of his employment, i.e. wrongful termination, sufficiently placed the defendant on notice regarding a contractual relationship).

claims that based on his seniority he should have been retained as a foreman, and that defendants hired a less experienced white employee in his position. (Id: pg. 2, ¶ 1(a)). Langford further claims that "several other persons" have been recalled or hired as foremen and journeymen carpenters. (Id: pg. 2, ¶¶ 1(b)(c)(d)). Accordingly, these claims will be construed as race discrimination based on wrongful termination and failure to rehire in violation of § 1981. To the extent Langford pursues a common law breach of contract claim, and defendants raise statute of frauds as an affirmative defense, those matters should proceed in state court where they may be more appropriately resolved.[5]

Likewise, defendants' argument that Langford's contract claims are unenforceable due to a lack of term of employment, should be before state court.

Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right ... to make and enforce contracts ... as is enjoyed by white citizens." Filbern v. Habitat for Humanity, Inc., 57 F.Supp.2d 833, 835 (W.D.Mo. 1999); quoting, 42 U.S.C. § 1981(a). First enacted in 1866, the statute was amended in 1991 to define "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id; quoting, § 1981(b). Thus, section 1981 "prohibits purposeful racial discrimination in almost every aspect of contract." Id; (citation omitted).

"Under Missouri law, unless there is a contract which provides for either a term of employment or limits the reasons for which an employee may be discharged, the employee is

---

[5]Notwithstanding the existence of federal jurisdiction over the race-based § 1981 claim, I decline to exercise supplemental jurisdiction over the state contract claim. Similarly, supplemental jurisdiction is declined to the extent Hutton's claim under § 1981 also asserts a cause of action for breach of contract.

considered an 'at will' employee and may be discharged from employment without cause or reason." Id. However, it does not necessarily follow that the employment-at-will relationship is not a contractual one for purposes of § 1981. Id, (quotation and citation omitted). The 1991 amendment to § 1981 was clearly an effort to broaden the scope of the act to cover racial discrimination in employment relationships and not to restrict its application to only written contracts. Id.[6] Thus, an employee who may be fired at the will of his employer may nevertheless have a contract, under the ordinary meaning of the term, sufficient to bring a claim under 42 U.S.C. § 1981. Id, at 835-36.[7] Consequently, the question before this court is not whether an employment contract existed, but rather, whether plaintiff was wrongfully terminated and whether the decision to not rehire him was based on impermissible grounds in violation of § 1981.

In her § 1981 claim, Hutton contends that defendants' actions "strained her marriage to the breaking point," and seeks damages to cover the future loss of rental income, and out-of-pocket health care costs. (Complaint: pg. 5-7). A claim for loss of consortium includes loss of affection, companionship and conjugal rights; and it is derivative only, for one spouse to recover for loss of consortium, the other spouse must have a valid claim for personal injury. Thompson v. Brown &

---

[6]Even if a plaintiff cannot allege a written contract of employment with a defendant employer, the Eighth Circuit holds that an at will employment agreement has all the necessary elements of a valid contract-offer, acceptance, and bargained for consideration. Johnson v. City of Kansas City, Mo., 2008 WL 65395 * 1 (W.D.Mo.); citing, Skinner v. Maritz, Inc., 253 F.3d 337, 340 (8th Cir. 2001). A plaintiff need not show that he or she can maintain a suit against the defendant under Missouri law for breach of contract to recover under Section 1981. Johnson, at *2.

[7]Section 1981 liability for wrongful termination may arise out of an at-will contract just as it may arise out of any other kind of contract. Pecoraro v. General American Life Insurance Company, 130 F.Supp.2d 1093, 1097 (E.D.Mo. 2001). Although termination of an at-will employee does not amount to a breach of contract, a § 1981 claim does not require a breach of the underlying contract. Id. Stated differently, while an employer may terminate an at-will employee for any reason or no reason, it will incur liability under § if it does so for a racially discriminatory reason. Id.

Williamson Tobacco Corp., 207 S.W.3d 76, 113 (Mo.App. W.D. 2006).[8] Here, such a claim fails because neither plaintiff alleges the presence of a physical injury sustained by Langford. Dunham v. City of O'Fallon, Missouri, 945 F.Supp. 1256, 1263 (E.D.Mo. 1996). More importantly, the Eighth Circuit has held that claims under federal civil rights statutes do not support a derivative claim for loss of consortium. Id., at 1263; see also, Franz v. Kernan, 951 F.Supp. 159, 162 (E.D.Mo. 1996). Consequently, this claim will be dismissed, and this case will proceed on Langford's § 1981 claim as it relates to his allegation that he was wrongfully discharged and/or not rehired based on race.[9]

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss (ECF doc. 2) is GRANTED in part and DENIED in part, consistent with this opinion. It is further

ORDERED that the clerk of the court mail a copy of this order by regular mail, and certified mail, return receipt to plaintiffs at:

2401 Mersington

Kansas City, Mo. 64127

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  2 , 2010

Kansas City, Missouri

---

[8] Even in the event of personal injury, a loss of consortium claim does not include loss of monetary support from the injured spouse. Cisar v. Home Depot U.S.A., Inc., 2002 WL 32172297 *1 (N.D. Iowa).

[9] In prosecuting his claim, Langford is directed to familiarize himself with federal pleading and motion practice, as well as the local rules of this court.